IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MATTHEW GRANBERG, ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | 08   CV   3131 |
| ) | JUDGE SHADUR |
| METRA POLICE OFFICER DION KIMBLE, ) | MAGISTRATE JUDGE KEYS |
| STAR #105, SERGEANT  ALFRED COLLINS, ) | |
| and POLICE OFFICER LARRY GEANES, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the plaintiff MATTHEW GRANBERG, by and through his attorneys, THE LAW OFFICE OF ROBERT D. KUZAS, and for his complaint against defendants METRA POLICE OFFICERS DION KIMBLE, LARRY GEANES and SERGEANT ALFRED COLLINS states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against the defendants for committing acts under color of law and depriving the plaintiff of rights secured by the Constitution and laws of the United States.

**PARTIES**

2. Plaintiff MATTHEW GRANBERG (MATTHEW) is a resident of Cook County, Illinois.  MATTHEW is an American citizen of European (white) ethnic ancestry.

3. METRA is a municipal corporation, duly created and established by and under the laws of the State of Illinois pursuant to the "Regional Transportation Authority Act" (70 ILCS 3615/1.01, *et seq.*) as the "commuter rail division" with statutory authority to hire and employ sworn and certified peace officers such as the defendants; and was at all relevant times the employer of defendants KIMBLE, GEANES and COLLINS.

4. Defendant METRA POLICE OFFICER DION KIMBLE, ("KIMBLE"), METRA POLICE OFFICER LARRY GEANES ("GEANES") and METRA POLICE OFFICER SERGEANT ALFRED COLLINS ("COLLINS") were, at the time of the events alleged herein, duly sworn and certified peace officers in the state of Illinois who were employed as "police officers" by METRA.

5. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities. KIMBLE, GEANES and COLLINS are persons of African-American (black) ethnic ancestry.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343(a). This Court has personal jurisdiction over the individual Defendants as each of them are residents of Illinois and all actions complained herein occurred in Chicago, Illinois. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this court pursuant to 28 U.S.C.§ 1391(b). Defendants are residents of Cook County, Illinois and a substantial part of the events which give rise to Plaintiff's claims occurred in Cook County, Illinois.

**FACTS COMMON TO ALL COUNTS**

8. On the evening of August 30, 2007 MATTHEW was a pedestrian on the public way returning home from a sporting event and was in the vicinity of 151 N. Michigan Avenue in the city of Chicago, Cook County, Illinois.

9. While he was walking on the street, MATTHEW was accosted and confronted by a "homeless person" who was later identified as Deborah Coleman, an African-American woman of indeterminate adult middle age. Coleman was also accompanied by two other homeless persons when she confronted MATTHEW.

10. All three attacked MATTHEW and expressed statements and utterances implying that all three intended to take property (including money) from MATTHEW by the use of force. During this attack one of the attackers was armed with a wooden stick with which the attacker (a male person) attempted to strike MATTHEW.

11. After being assaulted with the wooden stick, MATTHEW seized the weapon and defended himself. Nevertheless, Deborah Coleman stood her ground and continued to attempt to harm and rob MATTHEW.

12. MATTHEW threw the stick at Coleman to ward off the attack of Deborah Coleman and then ran from his assailants to prevent further violence to himself.

13. Despite the fact that MATTHEW, who had fallen to the pavement at Garland Court and Randolph St., was obviously the victim of an attack by an unkempt and disheveled "homeless person," defendant KIMBLE initiated an unprovoked attack upon MATTHEW.

14. Without asking any questions or announcing his office, KIMBLE struck MATTHEW with an expandable metal baton repeatedly (9 or 10 times) while MATTHEW lay motionless and defenseless on the pavement of the public way.

15. KIMBLE then handcuffed MATTHEW, dragged him to his feet in a painful and humiliating manner and walked him towards the METRA offices, approaching defendant COLLINS who was `nearby. COLLINS stated to MATTHEW "So, you like hitting black people" and then immediately struck MATTHEW in the face with his hand.

16. Both KIMBLE and COLLINS then dragged MATTHEW down a set of stairs to METRA offices, causing MATTHEW'S wrists to be injured.

17. In the METRA offices KIMBLE and COLLINS were joined by defendant GEANES. COLLINS once again stated to MATTHEW "So you like hitting black people" and struck MATTHEW in the face.

18.     Following the action byCOLLINS, KIMBLE then immediately struck MATTHEW in the face with his hand.

19.     MATTHEW was handcuffed to wall restraints in a small concrete room for several hours. At one point MATTHEW heard the voices of Chicago Police Officers outside his detention room and kicked the door to alert them to his presence.

20.     The door was opened by COLLINS: MATTHEW stated "I want to talk to the real police": COLLINS stated "I am the real police" and grabbed MATTHEW roughly and then threw him to the concrete floor, injuring MATTHEW and causing MATTHEW'S pants to be ripped apart.

21.     During his ordeal MATTHEW asked for medical treatment and all of the defendants refused to assist him with the injuries they caused.

22.     MATTHEW asked the defendants to use a toilet facility and the defendants responded by stating "You ain't using shit".

23.     MATTHEW asked the defendants to loosen the handcuffs which were affixed in a manner that was painful and injurious: GEANES responded by stating "We ain't trusting you white boy."

25.     After arresting MATTHEW and holding him in a temporary facility at Randolph Street and Michigan Avenue for a period of five hours, the defendants then took MATTHEW to the Chicago Police Department arrest facility at 1800 S. State St.

26.     At 1800 South State St. the defendants caused MATTHEW to be charged with misdemeanor criminal offenses and thereafter released on bond.

27.     All of the charges that the defendants caused to be placed against MATTHEW were dismissed with prejudice on October 19, 2007.

28.     After his release from custody early in the morning of August 31, 2007 MATTHEW was treated for his injuries at Swedish Covenant Hospital in Chicago, Illinois.

29.     As a result of the actions of the defendants, and each of them, MATTHEW suffered physical injuries; was forced to spend money for medical care and treatment; was forced to spend money to retain counsel to defend himself against false and fabricated criminal charges; and suffered severe and extreme emotional distress.

COUNT I

(42 U.S.C. §1983, Excessive Force Claim)

30.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31.     While MATTHEW lay motionless and defenseless on the pavement of the public way KIMBLE initiated an unprovoked attack upon MATTHEW by striking him with an expandable metal baton repeatedly (9 or 10 times). KIMBLE then handcuffed MATTHEW dragged him to his feet in a painful and humiliating manner. Both KIMBLE and COLLINS then dragged MATTHEW down a set of stairs to METRA offices, causing MATTHEW'S wrists to be bruised and injured.  COLLINS and KIMBLE then struck MATTHEW in the face with their hands.

32.     MATTHEW was then handcuffed to wall restraints in a small concrete room for several hours. COLLINS entered the room, grabbed MATTHEW roughly and then threw him to the concrete floor. Further, during his ordeal MATTHEW asked for medical treatment and the use of bathroom facilities; the defendants refused to assist him with the injuries they caused.

33.     The defendants' actions violated plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## COUNT II

(42 U.S.C. §1983, Unreasonable Seizure Claim)

34. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

35. After the plaintiff was struck by KIMBLE with an expandable metal baton and placed in handcuffs he was not free to leave and was sized within the meaning of the fourth Amendment.

36. Defendants did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to seize the plaintiff and therefore violated plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of and unreasonable and excessive force.

37. The defendants' actions were without any legal justification or probable cause and were motivated by the color of the plaintiff's skin and the nature of his ethnicity and therefore violated plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## COUNT III

(42 U.S.C. §1983, Equal Protection Claim)

38. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. Based on the conduct of the defendants the plaintiff was deprived of his right to Equal Protection under the law as provided in the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## COUNT III

(42 U.S.C. §1983, Due Process Claim)

40. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. Based on the conduct of the defendants the plaintiff was deprived of Due Process under the law as provided in the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## COUNT IV

(State Law - False Imprisonment Claim)

42. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. Defendants did not have an arrest warrant, probable cause, or any other lawful basis to seize, arrest, and imprison the plaintiff, and thereby violating Plaintiff's right to be free from unlawful imprisonment

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## COUNT V

(State Law - False Imprisonment Claim)

44. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. Plaintiff was subject to judicial proceedings without probable cause.

46. Defendants instituted and continued the proceedings falsely, willfully/intentionally, and maliciously.

47. The proceedings were terminated in the Plaintiffs favor and terminated in a manner which indicates actual innocence as the Defendants did not appear and testify in the Circuit Court of Cook County and the Plaintiff's case was dismissed.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## COUNT VI

(State Law – Intentional Infliction of Emotional Distress)

48. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

49. The above conduct of the individual Defendants in using excessive force, falsely arresting, terrorizing, and causing the plaintiff to be imprisoned and prosecuted was without cause or justification, was intentional and/or was committed with willful and wanton disregard for his safety and rights. Said actions by the defendants were outrageous and caused the plaintiff to suffer great pain and emotional distress.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## COUNT VII

(State Law – Assault and Battery)

50. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

51. The defendants acted intentionally/willfully and wantonly in striking and beating MATTHEW for the purpose of causing injuries and pain to him.

52. The plaintiff did not consent to the beating at the hands of the defendants and the defendants were not defending themselves from the handcuffed and restrained plaintiff when they beat him.

53. The actions of the defendants were the direct and proximate cause of the plaintiff's injuries and emotional suffering as set forth herein.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment in his favor and against the defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all counts

DATED:  August 27, 2008

                                              Respectfully submitted,

                                              /s/ Phillip J. Oliver

                                              /s/ Joseph T. FitzSimmonhs

Joseph T. FitzSimmons
Phillip J. Oliver, LL.M.
THE LAW OFFICE OF ROBERT D. KUZAS, LTD.
222 North LaSalle St.,   Suite 200
Chicago IL   60601
312. 629. 1400