```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MATTHEW GRANBERG,                    )
                                     )
                  Plaintiff,         )
                                     )
     v.                              )    No.  08 C 3131
                                     )
METRA POLICE OFFICER DION KIMBLE,    )
STAR #105, et al.,                   )
                                     )
                  Defendants.        )
```

                           MEMORANDUM ORDER

On the date of presentment by Larry Geanes ("Geanes")--one of the defendants in this action by Matthew Granberg ("Granberg") that advances claims under 42 U.S.C. §1983 ("Section 1983") and some related state law claims--of a motion seeking his dismissal from all but one of those claims, this Court ruled orally that dismissal was appropriate as to two of the six claims under attack but not as to the other four.  Geanes' counsel has now filed a timely Answer and Affirmative Defenses ("ADs") to the surviving aspects of Granberg's First Amended Complaint ("FAC").  This sua sponte memorandum order addresses some problematic aspects of that responsive pleading.

To begin with, although Answer ¶17 admits that Geanes joined codefendants Dion Kimble ("Kimble") and Alfred Collins ("Collins") in dealing with Granberg only after he had been taken into custody and brought to the Metra offices, Geanes flat-out denies a good many of the FAC's earlier allegations about which he plainly has no personal knowledge.  That situation may perhaps

highlight a flaw in Fed. R. Civ. P. ("Rule") 8(b), for the only alternative it prescribes to an admission or denial of plaintiff's allegations is a Rule 8(b)(5) disclaimer of knowledge or information sufficient to form a belief about the truth of such an allegation. At the same time, a defendant's outright denial of an allegation just because he or she credits a statement by another defendant does not conform to the requirement of specific identification that is commanded by Rule 11(b)(4).

This Court could well send Geanes' counsel back to the drawing board to address the matter just discussed here, but it has the sense that more than enough time and effort has been expended at the pleading stage of this lawsuit already. What does require correction, however, is Geanes' AD 1, which advances a qualified immunity defense. That is simply wrong, because it fails to credit Granberg's allegations as true, something that is required of every AD (see, e.g., App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). Accordingly AD 1 is stricken.

／s／ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: October 6, 2008