**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW GRANBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   08 CV 3131 |
| | ) | |
| METRA POLICE OFFICER D. KIMBLE | ) | JUDGE SHADUR |
| STAR #105, SERGEANT ALFRED | ) | |
| COLLINS, and POLICE OFFICER | ) | |
| LARRY GEANES | ) | |
| Defendants. | ) | |

**PLAINTIFF'S   EMERGENCY MOTION FOR
SUPERVISION AND CONTROL OF DISCOVERY ABUSES
BY DEFENDANTS' COUNSEL,
TO COMPEL TAKING OF THE DEPOSITION OF
PLAINTIFF'S TREATER/EXPERT WITNESS AND OTHER RELIEF**

   **NOW COMES** plaintiff Matthew Granberg, by and through his attorney Joseph T. FitzSimmons, who moves this Honorable Court for the entry of an Order (1) wherein and whereby this Court will supervise and control discovery by the defendants in order to prevent any further discovery abuses by counsel for the defendants, (2) to compel defendants' counsel to participate in the pre-scheduled deposition of plaintiff's psychological treater (Dr. Kathleen Krupica), and (3) for other relief in connection with the abusive and unprincipled conduct of defendants' counsel in the discovery process.  In support thereof, plaintiff states:

   **1.**      Discovery, in this case, proceeded in a cordial and professional manner through the month of May, 2009.  During several telephone conferences, counsel were able to agree to a schedule for the depositions of the parties and witnesses.  See   **EXHIBIT 1**  (correspondence of attorney Mayhew of May 8, 2009).  Counsel agreed to take the deposition of the plaintiff first (on May 18, 2009), the depositions of the defendants on May 22 and June 4 and the parents of the plaintiff on June 4, 2009.  The deposition of a purported eyewitness was to be taken on June 12.

   **2.**      During the course of the plaintiff's deposition the plaintiff indicated that he had undergone some psychological counseling relative to the occurrence – a fact previously undisclosed

due to his youthful embarrassment.

3. This disclosure caused defendants' counsel (attorneys Rosen and Mayhew) to request a delay in taking further oral discovery until all of the information relative to the counseling was uncovered and a deposition of the plaintiff's clinical psychologist could be taken. By agreement with plaintiff's counsel – during a cordial discussion of the discovery schedule at the METRA offices on May 18 – the scheduled depositions of the defendants were cancelled and the scheduled depositions of the plaintiff's parents were cancelled. During this conversation, defendants' counsel were made aware that attorney Joseph FitzSimmons was the "family attorney" for all of the members of the plaintiff's family in this matter. In fact, attorneys Mayhew and Rosen clearly and unequivocally understood that the cancellation of the June 4 depositions would be communicated to plaintiff's parents by attorney FitzSimmons and re-scheduling of those depositions would be done through attorney FitzSimmons.

4. Attorneys Mayhew and Rosen requested that plaintiff's counsel obtain the plaintiff's counseling records from his psychologist, Dr. Kathleen Krupica. Plaintiff's counsel did so within several days and provided those written records (relative to the August 30, 2007 incident) to opposing counsel immediately. Further, both attorney Rosen and attorney Mayhew requested that plaintiff's counsel arrange for the oral deposition of Dr. Krupica. That was accomplished on or before June 17, 2009. A copy of correspondence to attorney Jennifer Mayhew informing her – on June 17, 2009 – that the deposition of this doctor was scheduled for July 22, 2009 is attached as **EXHIBIT 2**.

5. Counsel for the parties appeared before this court on July 6, 2009[1] in response to the defendants' various motions. During the colloquy before the court, both parties made references to the necessity of Dr. Krupica as a witness and plaintiff's counsel very specifically noted to the court that Dr. Krupica's deposition was scheduled for later in the month. Neither attorney Rosen nor attorney Mayhew uttered any objection to plaintiff's counsel or to the court.

6. Thereafter, on July 15, counsel for the plaintiff received correspondence (**EXHIBIT 3**) from attorney Rosen wherein attorney Rosen states that defendants' counsel "will not be prepared to depose [Dr. Krupica] on July 22, 2009". She gives no reason for this. She further states that this

---

[1]The court should note that both attorney Rosen and attorney Mayhew were fully aware as early as May 18 that plaintiff's counsel was out of the country from June 23 through July 2, 2009 and would **NOT** be able to respond to correspondence or telephone inquiries during that time.

deposition was scheduled "without our input". That statement is simply false.

**7.** Attorney Rosen is one of FIVE – 5 – attorneys who are of record as representing all the METRA defendants jointly: Sue-Ann Rosen; Richard Capra; James Jozefowicz; Jennifer Mayhew; and Marivel Montes.

**8.** There is no reasonable explanation for Rosen's refusal to participate in the deposition of plaintiff's treater other than to obstruct the discovery process and to harass the plaintiff. If attorney Rosen actually had a good faith basis for her refusal, it should have been discussed before the court on July 6 or communicated to plaintiff's counsel shortly after the June 17 letter to her co-counsel, attorney Mayhew. This conduct is an abuse of the discovery process.

**9.** Both attorney Rosen and attorney Mayhew have violated the Illinois Code of Professional Conduct by directly communicating to the clients of plaintiff's counsel about this case during the time that counsel represented Mr. Michael Granberg (plaintiff's father), Jacqueline Lecas (plaintiff's mother) and Michaeline Granberg (plaintiff's sister). Attorney Mayhew was not only fully aware of the attorney-client relationship but had actually scheduled depositions of plaintiff's parents through plaintiff's counsel. Nevertheless, after requesting to postpone the depositions of those non-party witnesses, METRA counsel directed that subpoenas be personally served[2] on all three with no notice to their counsel. The documents were hand delivered to these clients at their homes in a manner designed to vex and harass the clients of opposing counsel.

**10.** Further, attorney Rosen and attorney Mayhew have directed subpoenas to a non-party named Denise Bilski. Ms. Bilski is the girl-friend of the plaintiff. She was not present for any of the events of the August 30, 2007 occurrence. She witnessed nothing. She is subpoenaed without a good faith basis, simply for the purpose of harassing the plaintiff through his social network of friends and acquaintances. After receiving her subpoena, Ms. Bilski agreed to representation by

---

[2]Further, the court should note that the plaintiff (Matthew Granberg) is the son of Michael Granberg who has held employment as a sworn police officer in the Chicago Police Department for more than 30 years. Michael Granberg is not a party: his employment is not an issue: no aspect of his professional duties, activities or responsibilities are implicated in this action. Nevertheless, the METRA counsel directed their "Subpoena for Deposition" to "OFFICER MICHAEL GRANBERG" for the purpose of intimidating him into a belief that somehow his employment was implicated or at risk. Michael Granberg is simply "MR. GRANBERG" with respect to the issues arising out of the savage beating his son received at the hands of rogue METRA police officers.

attorney Kevin B. O'Rourke. Mr. O'Rourke directed correspondence to attorney Mayhew informing her of his representation of Denise Bilski (attached as **EXHIBIT 4**). Despite this, attorney Mayhew subsequently ignored Mr. O'Rourke's direction to contact him about his client (Denise Bilski) and once again personally communicated with Ms. Bilski through her process servers.

11. Attorneys Rosen and Mayhew have scheduled depositions without any attempt to determine the availability of plaintiff's counsel: specifically, the depositions of non-party peripheral witnesses Denise Bilski, Ryan Ames, Lauren Fuller, Kyle Varney and Michael Barone. Of this group only one person (Ryan Ames) has even the most remote connection to the August 30, 2007 incident. All are friends and acquaintances of the plaintiff. The most that these witnesses can offer is that they had occasion to meet with the plaintiff and interact socially at some remote time after the incident occurred. Compelling these young people to travel to the near West Side during their business hours or school days is abusive and harassing.

12. The plaintiff has subpoenaed the Chief of Police of the METRA police unit to provide records and give oral testimony on August 5, 2009. This individual is, ultimately, the supervisor of the defendants who are sued for their on-duty misconduct. Attorney Rosen has refused to produce this official, giving no reason or explanation. This is another abuse.

13. Both attorney Rosen and attorney Mayhew met with the purported eyewitness (Deborah Coleman) in social engagements on two (2) occasions prior to the June 12, 2009 deposition of Coleman. Neither event was the formal interview/interrogation process of bringing a witness into the attorney's office, questioning the witness about the event and taking notes in private. *Au contraire*, attorneys Rosen and Mayhew sponsored small parties in a *chic* Loop restaurant, attended by various other persons (whose identities are unknown to Coleman and whose identities Rosen refuses to supply). In effect, these attorneys bought the testimony of Deborah Coleman by entertaining her – on METRA's dollar – in a fancy restaurant. The financial records of these social events are relevant: the discovery depositions those attending are fair game for plaintiff's counsel.

14. In her July 13 correspondence (**EXHIBIT 3**) attorney Rosen refuses to comply with subpoenas issued to her and to attorney Mayhew for deposition testimony concerning the circumstances of those parties and what, if anything, the witness Coleman said in a social setting – a downtown restaurant surrounded by dozens of other diners, waiters and restaurant employees. The plaintiff seeks an order from this court directing attorney Rosen and attorney Mayhew to present themselves for such inquiry and for METRA to produce its records.

**15.** Finally, in her July 13 letter (**EXHIBIT 3**) attorney Rosen "takes exception" to counsel's characterization of her clients as "thugs". The plaintiff was deposed in the offices of the METRA law unit on May 18. The plaintiff is a very young man (20 years old) of slight build and stature. He was savagely beaten by Dion Kimble with an expandable steel club. Dion Kimble is a man in his late thirties, more than six feet tall and clearly gifted with the physical proportions of a professional athlete. His physical build is imposing and intimidating. On May 18 Dion Kimble sat in a chair directly across a table from Matthew for five hours and **glared** at Matthew as Matthew attempted to testify.

**16.** Rosen's client Larry Geanes is even bigger than Kimble. During the sworn testimony of Matthew, Geanes repeatedly took and made cell phone calls while seated at the conference table used for the deposition. At several points Geanes made sounds in response to Matthew's testimony. Finally, Geanes began openly laughing in derision at statements of Matthew. This conduct was put on the record by counsel during the deposition.

**17.** While Ms. Rosen may take exception to counsel's characterization, it is clear that the conduct of both Kimble and Geanes was the conduct of uncivilized "thugs", designed to intimidate and further victimize Matthew Granberg during his deposition testimony. It was not normal. It was not the kind of conduct that is expected of litigants in federal court litigation. Moreover, it took place after the parties had consulted by telephone with the court and plaintiff's counsel had expressed his apprehension about the presence of these men. Both during and after that conference with the court, attorney Rosen assured counsel that her clients would not engage in any activity that would create a hostile environment.

**18.** She was not able to control those clients. This court must bar both Geanes and Kimble from attending the short remaining session of plaintiff's deposition which will be concerned with his psychic trauma and the psychological impact of the beating doled out by Kimble and the physical abuse of Geanes. The plaintiff requests this court enter a protective order barring both defendants from appearing at any further inquiry of the plaintiff.

**19.** In summary, the discovery process in this case subsequent to the middle of May has been plagued by an excess of problems and abuses that are all directly related to conduct of the attorneys representing defendants and, during the plaintiff's deposition, the defendants themselves. Given all of the circumstances described herein, the plaintiff requests that this court issue an Order herein wherein and whereby the court supervises the remaining discovery so as to prevent the abuse

of witnesses, the wilful refusal to acknowledge the attorneys of records who represent those witnesses, direct the various METRA employees (including counsel) to submit to depositions and compel the production of records and witnesses.

**WHEREFORE**, the plaintiff MATTHEW GRANBERG prays for relief as follows:

A. For the entry of an Order herein directing defendants' counsel to participate in the July 22, 2009 discovery deposition of Dr. Kathleen Krupica, or forever waive their right to further oral discovery of Dr. Krupica;

B. For the entry of an Order herein directing the defendants' counsel to cease and desist any further direct contact with the plaintiff's immediate family members (i.e., Michael Granberg, Jacqueline Lecas and Michaeline Granberg) who are represented by the LAW OFFICES OF ROBERT D. KUZAS, LTD. (Attorney Joseph T. FitzSimmons) and quashing any "subpoena for deposition" which were, or may have been, improperly served upon them without notice to their attorney;

C. For the entry of an Order herein striking the purported dates for the discovery depositions of various witnesses (e.g., Ryan Ames, Kyle Varney, Michael Barone, Lauren Fuller) which may have been set without input from plaintiff's counsel and directing that all future deposition dates be agreed upon in advance by counsel and submitted to the court for the approval prior to formalizing the schedule of such matters;

D. For the entry of an Order herein quashing the subpoena issued to Denise Bilski and directing defendants' counsel to interact with Ms. Bilski's attorney, Kevin B. O'Rourke, for the preparation of an affidavit regarding any and all knowledge she has of the August 30, 2007 incident or, alternatively, for the selection of a date agreeable to all parties and convenient to the witness for her deposition testimony;

E. For the entry of an Order herein directing attorney Sue-Ann Rosen and attorney Jennifer Mayhew to present themselves, on a date agreeable to all parties, for oral testimony regarding the social events they attended with the purported eyewitness Deborah Coleman and the statements of Deborah Coleman while at those parties, along with production of all financial records of METRA relating to the cost and expense of those events;

F. For the entry of an Order herein directing that the METRA Chief of Police James Sanford present himself for oral testimony and produce the records requested on a date no later than August 7, 2009 at the office of plaintiff's counsel;

    **G.**    For the entry of an Order herein barring the defendants Dion Kimble and Larry Geanes from appearing at the continued deposition of plaintiff by reason of their unconscionable conduct on May 18, 2009 and containing a finding that their conduct constituted a waiver of any right to be present at such deposition; and

    **H.**    For such other, and further, relief that this Court in equity deems appropriate with respect to further discovery between the parties and/or is necessary to control further discovery abuses.

Respectfully submitted,

/ss/_____
Joseph T. FitzSimmons – Attorney for MATTHEW GRANBERG

Joseph T. FitzSimmons
Phillip J. Oliver, LL.M.
THE LAW OFFICE OF ROBERT D. KUZAS, LTD.
222 North LaSalle St.,  Suite 200
Chicago IL   60601
312. 629. 1400