```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

MATTHEW GRANBERG,                )
                                 )
            Plaintiff,            )
                                 )
     v.                          )    No.  08 C 3131
                                 )
METRA POLICE OFFICER DION KIMBLE,)
STAR #105, et al.,               )
                                 )
            Defendants.           )

<u>MEMORANDUM ORDER</u>

All three individual defendants in this 42 U.S.C. §1983 ("Section 1983") action are represented by counsel in the Metra Law Department.  Most recently one of those counsel has filed three separate sets of Answers and Affirmative Defenses to the Second Amended Complaint ("SAC") brought by plaintiff Matthew Granberg ("Granberg").  Although there may perhaps have been some legitimate predicate for such handling earlier in this case (a matter on which this Court makes no comment, because no good purpose would be served by correcting any earlier filings), there is really no legitimate reason for such duplicative activity at this point--apart from any other considerations,[1] why should Granberg's counsel and this Court have to wade through 42 pages of pleadings to acquire full familiarity with the litigants'

---

[1] In these days of electronic filing, multiplication of this sort does not (as in the past) result in needlessly bulky Clerk's Office files, but it does continue to generate needless in-chambers bulk for judges who maintain chambers files that comprise the required hard copies of pleadings and other filings.

legal and factual positions (including the respects in which defendants do or do not share common cause)?

Accordingly the three individual sets of Answers and Affirmative Defenses are stricken, but with leave granted to file a single combined responsive pleading on behalf of the three individual defendants on or before October 19, 2009. In that respect, such leave does not extend to the assertion of a qualified immunity defense: That position is totally contradicted by Granberg's allegations, which must be accepted as true for affirmative defense purposes (see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  October 6, 2009